J. S02015/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:      PENNSYLVANIA
v. :
:
ANTHONY DIODORO, :      No. 1932 EDA 2016
:
Appellant :


Appeal from the PCRA Order, June 7, 2016,
in the Court of Common Pleas of Delaware County
Criminal Division at No. CP-23-CR-0005422-2010


BEFORE: FORD ELLIOTT, P.J.E., STABILE AND MOULTON, JJ.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED MARCH 28, 2017**

Anthony Diodoro appeals ***pro se*** from the order of June 7, 2016,

issued by the Court of Common Pleas of Delaware County that dismissed his

third PCRA[1] petition without a hearing.

The factual and procedural history of this matter as recounted by the

trial court is as follows:

> On January 24, 2011 [appellant] entered a
> negotiated guilty plea to twenty-five consolidated
> counts of possession of child pornography. ***See***
> 18 Pa.C.S.A. §6312[(d.1)]. On June 29, 2011 he
> was sentenced to a term of twelve and one half to
> twenty-five years of incarceration. [Appellant] was
> granted leave to file a motion for modification of
> sentence ***nunc pro tunc***. A motion for modification
> of sentence was denied on March 1, 2012. No
> appeal from judgment of sentence was taken.

---

[1] Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

On July 18, 2012 a counseled PCRA petition was filed on [appellant's] behalf by Jonathan J. Sobel, Esquire. The Commonwealth responded to the petition and on May 23, 2013 the petition was denied. [Appellant] did not pursue his right to an appeal.

On September 11, 2014 [appellant] filed a second PCRA petition. The petition alleged that a sentence greater than the lawful maximum was imposed. *See* 42 Pa.C.S.A. § 9543(a)(2)(vii). On September 30, 2014 the PCRA court issued a Pa.R.Crim.P. 907 notice. [Appellant] filed a counseled response and the petition was dismissed as untimely on November 12, 2014. [Appellant] appealed to the Superior Court and on June 18, 2015 the November 12th Order was affirmed. [Appellant] filed a petition for allowance of appeal to the Pennsylvania Supreme Court and on March 17, 2016 that petition was denied.

On April 1, 2016 [appellant] filed his third PCRA petition. The petition alleges that he was denied the effective assistance of counsel when he entered his negotiated guilty plea, that an illegal sentence was imposed and that he was convicted before a tribunal without jurisdiction. *See* 42 Pa.C.S.A. § 9543(a)(2)(ii), (vii) & (viii). In an effort to bring this petition within the PCRA and within the jurisdiction of the court [appellant] alleged, without any factual support, that he was "mentally incompetent during all court proceedings," and therefore, this petition satisfied the timeliness exception set forth in Section 9545(b)(1)(ii) of the Act. This allegation is patently frivolous and is unsupported by any facts of record. Apart from a bald allegation [appellant] has failed to offer any evidence that supports his claim. On May 9, 2016 an Order giving notice of the court's intent to dismiss the petition without an evidentiary hearing was entered. The court informed [appellant] that the petition did not satisfy the PCRA's jurisdictional time requirements. [Appellant] was given an opportunity to respond and was subsequently granted an

> extension of the period in which to respond. On May 31, 2016 [appellant] filed an "Objection" in which he repeated his substantive claims but offered no additional facts in support of the bald claim that an exception that is set forth in 42 Pa.C.S.A. 9545(b) brings this third petition within the jurisdiction of the court. The PCRA petition that is before the court was dismissed on June 7, 2016.

Trial court opinion, 7/12/16 at 1-3.

Appellant appealed to this court on June 29, 2016. Before this court appellant contends that the trial court erred when it dismissed his PCRA petition without a hearing, that his counsel was ineffective for failing to object to the Commonwealth's alleged breach of the plea bargain, that the sentencing court erred when it imposed the sentence on him, and that the sentencing court violated his right to due process when it imposed the sentence on him.

> This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Halley**, 582 Pa. 164, 870 A.2d 795, 799 n. 2 (2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa.Super. 2001).

**Commonwealth v. Turetsky**, 925 A.2d 876, 879 (Pa.Super. 2007), **appeal denied**, 940 A.2d 365 (Pa. 2007).

> Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. **Commonwealth v. Robinson**, 575 Pa. 500, 508, 837 A.2d 1157, 1161 (2003). The most recent amendments to the PCRA, effective January 16,

1996, provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Bretz***, 830 A.2d 1273, 1275 (Pa.Super.2003); ***Commonwealth v. Vega***, 754 A.2d 714, 717 (Pa.Super.2000). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

***Commonwealth v. Monaco***, 996 A.2d 1076, 1079 (Pa.Super. 2010).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and prove:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

> 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims." *Commonwealth v. Gamboa-Taylor*, 562 Pa. 70, 77, 753 A.2d 780, 783 (2000); 42 Pa.C.S.A. § 9545(b)(2).

*Id.* at 1079-1080. "To invoke an exception, the petitioner must plead it and satisfy the burden of proof." *Commonwealth v. Geer*, 936 A.2d 1075, 1077 (Pa.Super. 2007), *appeal denied*, 948 A.2d 803 (Pa. 2008), citing *Commonwealth v. Beasley*, 741 A.2d 1258, 1261 (Pa. 1999).

> "The PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Albrecht*, 606 Pa. 64, 994 A.2d 1091, 1093 (2010) (quoting *Commonwealth v. Chester*, 586 Pa. 468, 895 A.2d 520, 522 (2006)). Statutory time limitations "are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits." [*Commonwealth v.*] *Fahy*, 737 A.2d [214] at 222 [Pa. 1999].

*Commonwealth v. Seskey*, 86 A.3d 237, 241 (Pa.Super. 2014).

Here, appellant's motion for modification of his sentence was denied on March 1, 2012. Appellant had 30 days to file a direct appeal or until March 31, 2012. Appellant did not file a direct appeal. In order to timely file a PCRA petition, appellant had to file this petition within one year of March 31, 2012. The current petition was not filed until April 1, 2016, which

was clearly untimely. In order for the PCRA court to properly consider the current petition, appellant must establish that the petition meets one of the three exceptions to the one-year requirement.

In his petition, appellant alleged that he was mentally incompetent during all court proceedings so that he satisfied the unknown facts exception contained in Section 9545(b)(1)(ii) of the Act, 42 Pa.C.S.A. § 9545(b)(1)(ii). However, a review of appellant's brief reveals that he does not raise the issue of his mental competence, so that issue is waived. *See In re K.K.*, 957 A.2d 298, 303 (Pa.Super. 2008) (an appellant abandons an issue by not raising it in the argument section of his brief).

Appellant also claims that the unknown facts exception excuses his untimeliness because the Commonwealth breached its plea bargain with him because he pled guilty to a sentence that exceeded the statutory maximum without authorization. As a result, appellant argues that his trial counsel was ineffective because he did not object to the imposition of the sentence. However, appellant does not specify why he could not have made such a claim in his first PCRA petition as he fails to establish why these "facts" were unknown to appellant and could not have been ascertained by an exercise of due diligence. Also, these claims could have been brought in appellant's first PCRA petition and are waived on that basis. 42 Pa.C.S.A. § 9544(b) ("For purposes of this subchapter, an issue is waived if the petitioner could have

raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding.").

Appellant next asserts that his untimely petition meets the recognition of a new constitutional right exception contained in Section 9545(b)(1)(iii). It is not clear exactly to which constitutional right he is referring. Although he mentions ***Alleyne v. United States***, ___ U.S. ___, 133 S.Ct. 2151 (2013), he concedes that he was not subjected to mandatory minimum sentencing.

To the extent appellant is arguing that his sentence is illegal, this claim does not allow him to skirt the timeliness requirement. "[E]ven claims that a sentence was illegal, an issue deemed incapable of being waived, are not beyond the jurisdictional time restrictions." ***Commonwealth v. Grafton***, 928 A.2d 1112, 1114 (Pa.Super. 2007), citing ***Fahy***, 737 A.2d 214 (Pa. 1999); ***Commonwealth v. Beck***, 848 A.2d 987 (Pa.Super. 2004). Therefore, appellant's illegal sentencing claim does not operate as an independent exception to the PCRA's jurisdictional time-bar.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/28/2017